# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## ERIC THOMAS v. HENRY STEWARD, WARDEN

### Appeal from the Circuit Court for Lake County
### No. 12CR89759   R. Lee Moore, Jr., Judge

---

### No. W2012-01887-CCA-R3-HC  - Filed January 10, 2013

---

The Petitioner, Eric Thomas, appeals the Circuit Court of Lake County's denial of his pro se petition for writ of habeas corpus.  The State has filed a motion requesting that this Court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Eric Thomas, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Clarence E. Lutz, Assistant Attorney General, for the Appellee, Henry Steward, Warden.

### MEMORANDUM OPINION

In 1997, the Petitioner was indicted on three counts of robbery and two counts of aggravated robbery.  The State agreed to reduce the aggravated robbery charges to robbery.  The Petitioner went to trial on the first charge, was found guilty, and was sentenced to eight years and one day.  He pled guilty to the four remaining robbery charges.  The trial court sentenced the Petitioner to six years for each conviction and ordered that the sentences run consecutively to each other and to his sentence on the first charge, resulting in an effective sentence of thirty-two years and one day.

On direct appeal, this court reversed the trial court's imposition of consecutive sentences because the facts and circumstances did not support the trial court's finding that the Petitioner was a dangerous offender pursuant to Tennessee Code Annotated section 40-35-115(b). See State v. Eric D. Thomas, No. W1999-00337-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 467, at *9 (Tenn. Crim. App., at Jackson, June 26, 2001). This court remanded the case to the trial court for "further findings as to the [Petitioner's] eligibility for consecutive sentencing." Id. at *11. On remand, the trial court sentenced the Petitioner on April 22, 2002, to six years for each conviction and again imposed consecutive sentences, for an effective sentence of thirty-two years and one day.

On January 11, 2011, the Petitioner filed a petition for habeas corpus relief in which he alleged that he was illegally incarcerated because his sentences had expired prior to resentencing. He argued that the effect of this court's holding on direct appeal was that his sentences were to run concurrently until either the resentencing hearing or the expiration of his sentences, whichever came first. He further argued that he earned sufficient "jail credits" that his sentences expired prior to the resentencing hearing. The trial court dismissed the petition, and this court upheld the dismissal on appeal. See Eric Thomas v. Charles Trauber, No. W2011-01157-CCA-R3-HC, 2012 Tenn. Crim. App., LEXIS 48 (Tenn. Crim. App., at Jackson, Jan. 26, 2012), perm. app. denied (Tenn. May 16, 2012).

In August of 2012, the Petitioner filed a petition for habeas corpus relief in which he alleged that his judgments of conviction were void because the trial court failed to render a judgment in infamy. The Petitioner also raised issues regarding the calculation of pretrial jail credits and sentence reduction credits and the convictions to which the credits should be assigned. On August 24, 2012, the trial court entered an order denying the Petitioner relief. This appeal followed.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also T.C.A. § 29-21-101, et seq. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Id. at 163. A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83. In contrast,

> a voidable judgment is *facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity*. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citation and quotations omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The Petitioner only attached copies of three of the judgments entered in 1999 and did not attach any copies of the judgments entered following resentencing in 2002 to his petition for habeas corpus relief. The Petitioner was required to attach to his petition a copy of the judgments of conviction leading to his restraint or provide a satisfactory reason for their absence. See T.C.A. 29-21-107(b)(2). The statutory requirements for the contents of a petition for a writ of habeas corpus are mandatory and failure to meet those requirements warrants dismissal of the petitioner. See Hickman, 153 S.W.3d at 21.

The Petitioner asserts that his legal documents were lost as he was transferred from the Shelby Court jail to the penitentiary in April 2012. The Petitioner has included no efforts in which he undertook to obtain copies of the judgments. Therefore, the Petitioner has not provided a satisfactory reason for absence of the judgments. Moreover, disputes regarding the award of sentence reduction credits by the Tennessee Department of Correction are not cognizable in a habeas corpus petition. See Tucker v. Morrow, 335 S.W.3d 116, 122 (Tenn. Crim. App. 2002). The trial court properly dismissed the Petitioner's petition.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the

finding of the trial judge.  <u>See</u> Tenn. Ct. Crim. App. R. 20.  We conclude that this case satisfies the criteria of Rule 20.  Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE